# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ROBIN OWENS,                                         Case No. 8:25-3052
      Plaintiff,

v.

ANGELA WALDON,
      Defendant.

_____/

## VERIFIED COMPLAINT FOR MULTI-STATE ELDER EXPLOITATION AND FRAUD SCHEME: WIRE FRAUD, IDENTITY THEFT, AND BREACH OF FIDUCIARY DUTY ACROSS FLORIDA AND COLORADO

Plaintiff, Robin Owens, by and through the undersigned counsel, hereby brings this action for damages, injunctive relief, restitution, and partition pursuant to 18 U.S.C. §§ 1341, 1343, 1344, 1014, 1028A, 1029, 1956, 1957; 15 U.S.C. § 1681 et seq.; Florida Statutes §§ 415.1111, 772.11, 825.1035, 64.011 et seq.; and Colorado Revised Statutes, § 38-28-101 et seq. In support, Ms. Owens states:

## I.    PRELIMINARY STATEMENT

This action arises from a systematic scheme of financial exploitation perpetrated by Defendant Angela Waldon against Plaintiff Robin Owens, an elderly and vulnerable adult. Through a manufactured romantic relationship, Defendant established a position of trust and confidence with Plaintiff, then exploited that relationship to fraudulently obtain control of Plaintiff's finances, property, and credit

Defendant's scheme involved multiple federal crimes including wire fraud, mail fraud, mortgage fraud, money laundering, and identity theft. Defendant used Plaintiff's access to credit and funds to purchase three properties across two states, Florida and

Colorado, placing mortgage obligations in Plaintiff's name while titling properties in Defendant's own name or for her exclusive benefit.

Defendant further exploited her position of trust by coercing Plaintiff into executing a durable power of attorney, which Defendant then used to facilitate unauthorized financial transactions and property acquisition. Defendant has systematically embezzled rental income, denied Plaintiff access to financial records and account information, and continues to demand monthly payments to cover the mortgage on the rental property while depriving Plaintiff of any ownership rights or financial transparency.

Plaintiff seeks damages, restitution, injunctive relief, imposition of constructive trusts, equitable accounting, partition of properties, and attorney's fees and costs under federal law, together with supplemental state law claims for exploitation of an elderly person, civil theft, breach of fiduciary duty, fraud, conversion, unjust enrichment, and related violations.

## II.   PARTIES

1.     Plaintiff, Robin Owens, is a 68-year-old individual and resident of St. Petersburg, Pinellas County, Florida. Plaintiff is an elderly person and vulnerable adult as defined by Florida law.

2.     Defendant Angela Waldon is an individual believed to be residing in Colorado. Defendant is a traveling CAT Scan Technician, who has maintained residences in multiple states. Upon information and belief, Defendant's last known address is 657 1st Street, Loveland, Colorado 80537.

## III.    JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) based on Plaintiff's claims arising under federal statutes including 18 U.S.C. §§ 1341, 1343, 1344, 1014, 1956, 1957, 1028A, and 1029, and 15 U.S.C. § 1681 et seq.

4.    This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

5.    This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the parties are residents of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred in this District, including Defendant's fraudulent acquisition and control of properties located in Pinellas and Manatee Counties, Florida.

7.    Personal jurisdiction exists over Defendant based on her systematic and continuous contacts with Florida through the acquisition, management, and rental of Florida properties, and her ongoing financial exploitation of Plaintiff who resides in Florida.

## IV.    FACTUAL ALLEGATIONS

### A.    **Background Relationship**

8.    Plaintiff and Defendant met in Colorado in approximately 2012-2013 and developed what Plaintiff understood to be a romantic relationship.

9.    Based on this relationship, Defendant established a position of trust and confidence with Plaintiff, gaining influence over Plaintiff's financial decisions and access to her funds.

10.    Defendant, as a traveling nurse, would periodically reside with Plaintiff for periods of 6-8 months while between assignments, further cementing the relationship of trust and financial dependence.

11.    Through manipulation and exploitation of the romantic relationship, Defendant coerced Plaintiff into executing a durable power of attorney authorizing Defendant to make financial decisions on Plaintiff's behalf, including the purchase of real and personal property using Plaintiff's assets, accounts, and credit.

**B.  The Fraudulent Property Scheme**

12.    Beginning approximately 3-4 years ago, Defendant initiated a scheme to acquire real estate using Plaintiff's access to credit and funds while securing ownership and control of the purchased properties for herself.

13.    Defendant induced Plaintiff to apply for a mortgage on property located at 657 1st Street, Loveland, Colorado 80537 ("Colorado Property"). Defendant represented that Plaintiff was investing in property ownership, when in fact Defendant intended to and did secure title to the property in her own name while placing mortgage obligations solely in Plaintiff's name.

14.    Defendant subsequently expanded the scheme to acquire the following two properties in Florida:

  a.  4136 52nd Avenue S, St. Petersburg, FL 33701 ("Pinellas Property"); and

  b.  1418 29th Street West, Bradenton, FL ("Manatee Property").

15.    For each property, Defendant employed the same fraudulent pattern: using Plaintiff's creditworthiness and funds to secure mortgages while ensuring that property titles and beneficial ownership remained with and/or included Defendant.

### C.    Systematic Financial Control and Exploitation

16.    Defendant required Plaintiff to send $3,100 per month via electronic transfer (Zelle) to cover purported mortgage and property expenses for all three properties, over the course of three (3) years.

17.    Despite funding these mortgage payments, Defendant systematically denied Plaintiff access to:

    a.  Mortgage statements and account information;

    b.  Property deeds and ownership documents;

    c.  Bank records and financial statements; and

    d.  Property management information and rental income data.

18.    **Rental Income Embezzlement**: The Bradenton property operates as a short-term rental through Vacasa property management. Defendant has exclusive control over the Vacasa account and rental income, diverting all rental proceeds for her personal benefit while continuing to demand $1,500 monthly payments from Plaintiff regardless of rental income received.

19.    **Credit Account Fraud:** Defendant opened at least one credit account in Plaintiff's name (Home Depot account) without Plaintiff's knowledge or ongoing access, using Plaintiff's credit for Defendant's benefit.

20.    When Plaintiff recently attempted to access account information or modify the financial arrangements, Defendant changed passwords and blocked

Plaintiff's access to all accounts, effectively holding Plaintiff's financial information hostage.

### D. **Interstate Wire Communications in Furtherance of Scheme**

21.    Defendant's fraudulent scheme involves numerous interstate wire communications, including:

a. Electronic fund transfers (Zelle payments) from Florida to Colorado/Minnesota;

b. Email communications containing false representations about mortgage obligations;

c. Text messages requesting payments based on fraudulent representations;

d. Electronic banking transactions involving diverted rental income; and

e. Phone communications across state lines in furtherance of the scheme.

22.    Each electronic communication was made with intent to further the fraudulent scheme and to continue depriving Plaintiff of her funds and property rights.

## COUNT I
## WIRE FRAUD
## (18 U.S.C. § 1343)

23.    Plaintiff re-alleges paragraphs 1-22.

24.    Defendant devised and participated in a scheme to defraud Plaintiff and obtain money and property by means of false and fraudulent pretenses, representations, and promises.

25.    Defendant made material misrepresentations to Plaintiff regarding: (a) Plaintiff's ownership interests in the properties; (b) The actual amounts of mortgage payments required; (c) The purpose and use of Plaintiff's monthly payments; (d)

Plaintiff's rights to access account information and property records; and (e) The rental income generated by the Bradenton property.

26.    Defendant used wire communications in interstate and foreign commerce to execute and further the fraudulent scheme, including electronic fund transfers, emails, text messages, and phone communications.

27.    Defendant acted with intent to defraud Plaintiff and deprive her of money and property rights.

28.    As a direct and proximate result of Defendant's wire fraud, Plaintiff has suffered damages including but not limited to fraudulent mortgage obligations, diverted rental income, overpayments on property expenses, credit damage, and lost investment opportunities.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, restitution, injunctive relief, declaratory judgment, attorney's fees, costs, and such other relief as this Court deems just and proper.

### COUNT II
### MAIL FRAUD
### (18 U.S.C. § 1341)

29.    Plaintiff re-alleges paragraphs 1-28.

30.    Defendant's fraudulent scheme involved the use of the United States mails and private interstate carriers, including: (a) Mortgage documents and closing papers sent via mail; (b) Property deeds and title documents transmitted through mail; (c) Financial statements and property records sent via mail; and (d) Insurance and tax documents related to the fraudulently acquired properties.

31.    Defendant used the mails for the purpose of executing and furthering the fraudulent scheme described herein.

32.    Each use of the mails was made in furtherance of Defendant's scheme to defraud Plaintiff of money and property.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, restitution, injunctive relief, attorney's fees, costs, and such other relief as this Court deems just and proper.

### COUNT III
### BANK FRAUD (18 U.S.C. § 1344)

33.    Plaintiff re-alleges paragraphs 1-32.

34.    Defendant knowingly executed and attempted to execute a scheme to defraud federally insured financial institutions and to obtain money, funds, credits, assets, securities, and other property owned by and under the custody and control of said institutions by means of false and fraudulent pretenses, representations, and promises.

35.    Defendant's scheme involved systematic deception of mortgage lenders regarding: (a) The true beneficial ownership of properties; (b) The identity of the actual purchaser and controller of properties; (c) Plaintiff's actual interest in and control over the properties; and (d) The source and control of funds used for property expenses and improvements.

36.    The financial institutions defrauded include federally insured banks and mortgage lenders that provided financing for the Colorado and Florida properties based on Defendant's false representations.

37.   As a result of Defendant's bank fraud, Plaintiff has suffered substantial damages, and the victimized financial institutions have been exposed to losses through fraudulently obtained mortgages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, restitution, injunctive relief, attorney's fees, costs, and such other relief as this Court deems just and proper.

## COUNT IV
## FALSE STATEMENTS TO FINANCIAL INSTITUTION
### (18 U.S.C. § 1014)

38.   Plaintiff re-alleges paragraphs 1-37.

39.   Defendant knowingly made false statements and reports to federally insured financial institutions for the purpose of influencing the action of such institutions upon mortgage loan applications.

40.   Defendant's false statements included misrepresentations regarding: (a) Property ownership and control; (b) Occupancy intentions and property use; (c) The identity of the true purchaser and beneficiary; (d) Income sources and financial qualifications; and (e) The purpose and structure of the property acquisitions.

41.   These false statements were material to the lending institutions' decisions to approve and fund the mortgage loans.

42.   Defendant made these false statements with knowledge of their falsity and with intent to influence the financial institutions' lending decisions.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, restitution, injunctive relief, attorney's fees, costs, and such other relief as this Court deems just and proper.

## COUNT V
## MONEY LAUNDERING
### (18 U.S.C. §§ 1956, 1957)

43.    Plaintiff re-alleges paragraphs 1-42.

44.    Defendant conducted and attempted to conduct financial transactions involving proceeds from the wire fraud, mail fraud, and bank fraud described herein, knowing that such transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds.

45.    Defendant laundered the proceeds of her fraudulent scheme through various means including: (a) Diverting rental income to personal accounts; (b) Using Plaintiff's mortgage payments to fund property improvements and personal expenses; (c) Transferring fraudulently obtained funds through multiple accounts and states; and (d) Converting Plaintiff's payments into property equity in Defendant's name.

46.    Defendant engaged in monetary transactions in criminally derived property of a value greater than $10,000, derived from wire fraud, mail fraud, and bank fraud.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, restitution, injunctive relief, attorney's fees, costs, and such other relief as this Court deems just and proper.

## COUNT VI
## AGGRAVATED IDENTITY THEFT
### (18 U.S.C. § 1028A)

47.    Plaintiff re-alleges paragraphs 1-46.

48.    During and in relation to the wire fraud, mail fraud, and bank fraud alleged herein, Defendant knowingly transferred, possessed, and used, without lawful

authority, Plaintiff's personal identifying information including Social Security number, date of birth, and credit information.

49.     Defendant used Plaintiff's identifying information to: (a) Open mortgage accounts and secure property financing; (b) Open credit accounts including the Home Depot account; (c) Conduct electronic fund transfers and financial transactions; and (d) Access and control financial accounts.

50.     Defendant's use of Plaintiff's identifying information was without authorization and in connection with the federal felonies alleged herein.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, restitution, injunctive relief, attorney's fees, costs, and such other relief as this Court deems just and proper.

## COUNT VII
## ACCESS DEVICE FRAUD
## (18 U.S.C. § 1029)

51.     Plaintiff re-alleges paragraphs 1-50.

52.     Defendant knowingly used and trafficked in unauthorized access devices, including credit accounts, bank account access, and electronic payment systems opened in Plaintiff's name.

53.     Defendant's use of these access devices was without authorization and with intent to defraud.

54.     Defendant obtained and used access devices by fraud, including the Home Depot credit account and electronic access to financial systems using Plaintiff's identifying information.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, restitution, injunctive relief, attorney's fees, costs, and such other relief as this Court deems just and proper.

## COUNT VIII
## VIOLATION OF FAIR CREDIT REPORTING ACT
## (15 U.S.C. § 1681 et seq.)

55.     Plaintiff re-alleges paragraphs 1-54.

56.     Defendant obtained and used Plaintiff's credit information and reports without permissible purpose under the Fair Credit Reporting Act.

57.     Defendant's unauthorized use of Plaintiff's credit information to secure loans and open accounts violated Plaintiff's rights under federal consumer protection law.

58.     As a result of these violations, Plaintiff has suffered damages including credit harm, financial losses, and emotional distress.

**WHEREFORE**, Plaintiff demands judgment against Defendant for actual damages, punitive damages up to $1,000, attorney's fees, costs, and such other relief as this Court deems just and proper.

## COUNT IX
## BREACH OF FIDUCIARY DUTY
## (SUPPLEMENTAL FLORIDA AND COLORADO STATE LAW CLAIM)

59.     Plaintiff re-alleges paragraphs 1-58.

60.     Defendant owed Plaintiff fiduciary duties arising from: (a) The confidential relationship based on the romantic relationship and trust; (b) The durable power of attorney Defendant coerced Plaintiff into executing; and (c) Defendant's control over Plaintiff's financial affairs and property decisions.

61.     Under both Florida and Colorado law, a fiduciary relationship exists where one person reposes special confidence in another, who in equity and good conscience is bound to act in good faith and with due regard to the interests of the one reposing confidence.

62.     Defendant breached her fiduciary duties by: (a) Using the power of attorney for self-dealing and personal enrichment; (b) Failing to act in Plaintiff's best interests; (c) Concealing material information about property ownership and finances; (d) Misappropriating Plaintiff's funds and credit for Defendant's exclusive benefit; (e) Failing to provide accountings or financial transparency; and (f) Placing Defendant's interests ahead of Plaintiff's interests.

63.     Defendant's breaches were willful, wanton, and in bad faith.

64.     As a direct and proximate result of Defendant's breach of fiduciary duty, Plaintiff has suffered substantial damages.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, disgorgement of profits, attorney's fees, costs, and such other relief as this Court deems just and proper.

## COUNT X
## CONSTRUCTIVE TRUST
## (SUPPLEMENTAL FLORIDA AND COLORADO EQUITABLE CLAIM)

65.     Plaintiff re-alleges paragraphs 1-64.

66.     Defendant acquired title to and/or beneficial ownership interests in the Colorado Property, Pinellas Property, and Manatee Property through fraud, breach of fiduciary duty, and unjust enrichment.

67.    All three properties were purchased using Plaintiff's credit, funds, and financial resources, while Defendant fraudulently secured ownership rights for herself.

68.    It would be inequitable and unjust to allow Defendant to retain ownership and beneficial interests in properties acquired through wrongful conduct and using Plaintiff's resources.

69.    Under both Florida and Colorado law, a constructive trust should be imposed on property when: (a) A confidential or fiduciary relationship exists; (b) A promise or understanding was made; (c) A transfer was made in reliance on that promise; and (d) Unjust enrichment would result if the transferee retained the property.

70.    All elements for imposition of a constructive trust are present in this case.

71.    Additionally, Defendant holds rental income and property appreciation in a constructive trust for Plaintiff's benefit, as these proceeds were generated from properties acquired through Defendant's wrongful conduct.

**WHEREFORE**, Plaintiff demands judgment: (a) Imposing a constructive trust on the Colorado Property, Pinellas Property, and Manatee Property; (b) Imposing a constructive trust on all rental income, property appreciation, and proceeds derived from the properties; (c) Requiring Defendant to account for all funds and convey interests to Plaintiff; and (d) Awarding such other relief as this Court deems just and proper.

## COUNT XI
## UNJUST ENRICHMENT
## (SUPPLEMENTAL FLORIDA AND COLORADO STATE LAW CLAIM)

72.     Plaintiff re-alleges paragraphs 1-71.

73.     Plaintiff conferred benefits upon Defendant by: (a) Making monthly mortgage payments totaling $3,100 for three properties; (b) Providing creditworthiness and financial resources to acquire the properties; (c) Funding property improvements, maintenance, and expenses; and (d) Enabling Defendant to generate rental income.

74.     Defendant had knowledge of and appreciated these benefits.

75.     Defendant accepted and retained these benefits under circumstances making it inequitable for Defendant to retain them without paying their value.

76.     Defendant has been unjustly enriched by: (a) Retaining ownership and control of properties purchased with Plaintiff's resources; (b) Receiving monthly payments from Plaintiff; (c) Collecting and keeping rental income; (d) Enjoying property appreciation funded by Plaintiff; and (e) Using Plaintiff's credit without compensation.

77.     Under principles of equity recognized in both Florida and Colorado, Defendant should not be permitted to retain these benefits.

**WHEREFORE**, Plaintiff demands judgment against Defendant for restitution, disgorgement of all benefits wrongfully retained, compensatory damages, and such other relief as this Court deems just and proper.

## COUNT XII
## FRAUD/FRAUDULENT MISREPRESENTATION
## (SUPPLEMENTAL FLORIDA AND COLORADO STATE LAW CLAIM)

78.     Plaintiff re-alleges paragraphs 1-77.

79.     Defendant made numerous false representations of material facts to Plaintiff, including: (a) That Plaintiff would have ownership interests in the properties; (b) That mortgage payments would benefit Plaintiff; (c) That Defendant would provide access to financial information and records; (d) That the power of attorney would be used for Plaintiff's benefit; (e) That rental income would offset Plaintiff's expenses; and (f) The actual costs and obligations associated with the properties.

80.     These representations were false when made, and Defendant knew they were false or made them recklessly without regard to their truth.

81.     Defendant made these representations with the intent to induce Plaintiff's reliance and to deceive Plaintiff into providing financial resources and credit.

82.     Plaintiff justifiably relied on Defendant's representations based on their relationship of trust and confidence.

83.     As a direct and proximate result of Defendant's fraudulent misrepresentations, Plaintiff has suffered substantial damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, attorney's fees, costs, and such other relief as this Court deems just and proper.

## COUNT XIII
## CONVERSION
## (SUPPLEMENTAL FLORIDA AND COLORADO STATE LAW CLAIM)

84.     Plaintiff re-alleges paragraphs 1-83.

85.     Plaintiff has ownership rights and interests in: (a) The monthly mortgage payments made to Defendant; (b) Rental income generated from the Manatee Property; (c) Financial records and account information; (d) Property appreciation and equity funded by Plaintiff's payments; and (e) Access to accounts and property management systems.

86.     Defendant has wrongfully exercised dominion and control over these assets by: (a) Diverting rental income to her personal accounts; (b) Refusing to provide access to financial information; (c) Blocking Plaintiff from account access; (d) Retaining all mortgage payments without accounting; and (e) Exercising exclusive control over properties purchased with Plaintiff's resources.

87.     Defendant's exercise of dominion and control was unauthorized, intentional, and to the exclusion of Plaintiff's rights.

88.     As a result of Defendant's conversion, Plaintiff has been deprived of property and financial resources to which she is entitled, the value of which is estimated to be more than 1 Million Dollars ($1,000,000.00).

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages equal to the value of the converted property, punitive damages, attorney's fees, costs, and such other relief as this Court deems just and proper.

## COUNT XIV
## CIVIL THEFT
## (FLA. STAT. § 772.11)
## (SUPPLEMENTAL FLORIDA STATE LAW CLAIM)

89.     Plaintiff re-alleges paragraphs 1-88.

90.     Florida Statute § 772.11 provides a cause of action for civil theft and allows for treble damages and attorney's fees.

91.     Defendant knowingly obtained or used, or endeavored to obtain or use, Plaintiff's property with the intent to either temporarily or permanently: (a) Deprive Plaintiff of a right to the property or a benefit from the property; or (b) Appropriate the property to Defendant's own use or to the use of any person not entitled to it.

92.     The property wrongfully obtained includes: (a) Monthly mortgage payments totaling tens of thousands of dollars; (b) Rental income from the Manatee Property; (c) Property equity and appreciation; (d) Use of Plaintiff's credit and financial resources; and (e) Control over financial accounts and property.

93.     Defendant's conduct constitutes theft under Florida Statute § 812.014 as Defendant knowingly obtained or used Plaintiff's property with intent to deprive Plaintiff of the property, with a total estimate value of more than 1 Million Dollars ($1,000,000.00).

94.     Defendant's theft was accomplished through fraud, deception, and abuse of a position of trust.

**WHEREFORE**, Plaintiff demands judgment against Defendant for: (a) Treble damages pursuant to Florida Statute § 772.11; (b) Compensatory damages; (c) Attorney's fees and costs as provided by statute; and (d) Such other relief as this Court deems just and proper.

## COUNT XV
## EXPLOITATION OF ELDERLY PERSON
## (FLA. STAT. § 415.1111)
## (SUPPLEMENTAL FLORIDA STATE LAW CLAIM)

95.     Plaintiff re-alleges paragraphs 1-94.

96.     Plaintiff is an elderly and vulnerable adult as defined by Fla. Stat. §
415.102.

97.     Defendant, by virtue of the romantic relationship and resulting financial
control, stood in a position of trust and confidence with Plaintiff.

98.     Defendant knowingly obtained and used Plaintiff's funds and property,
with an estimated value or more than 1 Million Dollars ($1,000,000.00), with intent to
deprive Plaintiff of their use and benefit, and to benefit herself.

99.     Defendant's conduct constitutes exploitation of a vulnerable adult under
Florida law.

100.    Florida Stat. § 415.1111 provides a civil cause of action for exploitation,
including compensatory damages, punitive damages, and attorney's fees.

**WHEREFORE**, Plaintiff demands judgment against Defendant for
compensatory damages, punitive damages, attorney's fees, costs, and such other relief
as this Court deems just and proper.

## COUNT XVI
## INJUNCTIVE RELIEF AGAINST EXPLOITATION
## (FLA. STAT. § 825.1035)
## (SUPPLEMENTAL FLORIDA STATE LAW CLAIM)

101.    Plaintiff re-alleges paragraphs 1-100.

102.    Defendant's ongoing conduct constitutes exploitation under Florida law and threatens continued harm to Plaintiff.

103.    Plaintiff is entitled to injunctive relief to prevent further exploitation, including: (a) Freezing Defendant's access to properties purchased with Plaintiff's funds; (b) Restraining transfer or further encumbrance of disputed properties; (c) Requiring restoration of Plaintiff's access to account information; and (d) Compelling cessation of unauthorized credit account usage.

**WHEREFORE**, Plaintiff respectfully requests this Court enter a permanent injunction protecting Plaintiff from further exploitation and providing such other equitable relief as this Court deems just and proper.

## COUNT XVII
## EQUITABLE ACCOUNTING
## (SUPPLEMENTAL FLORIDA AND COLORADO STATE LAW CLAIM)

104.    Plaintiff re-alleges paragraphs 1-103.

105.    A confidential relationship exists between Plaintiff and Defendant based on their romantic relationship and Defendant's control over Plaintiff's financial affairs.

106.    The financial accounts and transactions at issue are complex and cannot be ascertained by Plaintiff without judicial intervention due to Defendant's systematic blocking of access to records.

107.    Plaintiff is entitled to a full equitable accounting of all funds, accounts, and property belonging to Plaintiff or purchased with her assets and/or credit or pursuant to the Colorado Power of Attorney Defendant coerced Plaintiff to execute, authorizing Defendant to purchase real and personal property with Plaintiff's assets, accounts, and/or credit, with a total estimated value or more than 1 Million Dollars ($1,000,000.00).

**WHEREFORE**, Plaintiff demands judgment requiring Defendant to provide a complete accounting of all funds, bank records, property records, mortgage documents, rental income, and transfers, together with such other relief as this Court deems just and proper.

## COUNT XVIII
## PARTITION OF PINELLAS COUNTY REAL PROPERTY
## (FLA. STAT. § 64.011, et seq.)
## (SUPPLEMENTAL FLORIDA STATE LAW CLAIM)

108.    Plaintiff re-alleges paragraphs 1-107.

109.    **Action for Partition.** This is an action for partition of real property located in Pinellas County, Florida, with an estimated fair market value of $420,000.00.

110.   The parties jointly own real property located at 4136 52nd Avenue S, St. Petersburg, FL 33701, as joint tenants with rights of survivorship ("Pinellas Home"). The Pinellas Home could be best described as a single-family home on a platted plot.

111.   **Lienholder on Pinellas Home.** It is believed there is an unpaid balance on a first mortgage owing to the lienholder in an unknown amount as of the date of this request for partition, and an unpaid balance on a secondary line of credit owing to a secondary lienholder. Therefore, the holders of said liens are parties to this proceeding. Upon information and belief, there are no other persons who are lienholders or who otherwise own an interest in the Pinellas Home.

112.   **Not Divisible.** The Pinellas Home is not divisible and not subject to partition in kind without prejudice to the parties. The Pinellas Home is not susceptible to physical division, and it is in the best interests of the parties that the property be sold at a private sale as provided in Section 64.061(4), Florida Statutes, or by public sale as provided in Section 64.071. After the payment of costs of sale, attorneys' fees, and costs in connection with the sale, miscellaneous expenses of sale, payment of any outstanding debts or encumbrances related to the property, and relevant taxes, the proceeds should be apportioned between the parties in accordance with their respective interests. The parties should be permitted to bid at any sale or make appropriate offers to purchase the property.

113.   **Credits and Setoff.** Plaintiff requests all credits and setoffs for expenses that she has paid for the maintenance and upkeep of the Pinellas Home from the date of purchase through the pendency of this action.

114.   Plaintiff is entitled to partition and sale of the Pinellas Home with distribution of proceeds according to the parties' respective interests.

115.   **Attorney's Fees and Costs.** Plaintiff has employed the law firm of Brava Law PLLC to represent her in this partition action and has agreed to pay reasonable attorney's fees, costs, and suit money for this representation. She requests an award of attorney's fees for this partition action pursuant to Florida law.

**WHEREFORE**, Plaintiff requests this Court order partition and sale of the Pinellas Home, appointment of a special master if necessary, and equitable distribution of proceeds based on each party's contributions and interests.

### COUNT XIX
### PARTITION OF MANATEE COUNTY REAL PROPERTY
### (FLA. STAT. § 64.011, et seq.)
### (SUPPLEMENTAL FLORIDA STATE LAW CLAIM)

116.   Plaintiff re-alleges paragraphs 1-115.

117.   **Action for Partition.** This is an action for partition of real property located in Manatee County, Florida, with an estimated fair market value of $460,000.00.

118.   The parties jointly own real property located at 1418 29th Street West, Bradenton, FL, as joint tenants with right of survivorship ("Manatee Home"). The Manatee Home could be best described as a single-family home on a platted plot.

119.   **Lienholder on Manatee Home.** It is believed there is an unpaid balance on a first mortgage owing to the lienholder in an unknown amount as of the date of this request for partition. Therefore, the holder of said lien is a party to this proceeding. Upon information and belief, there are no other persons who are lienholders or who otherwise own an interest in the Manatee Home.

120. **Not Divisible.** The Manatee Home is not divisible and not subject to partition in kind without prejudice to the parties. The Manatee Home is not susceptible to physical division, and it is in the best interests of the parties that the property be sold at a private sale as provided in Section 64.061(4) of the Florida Statutes, or by public sale as provided in Section 64.071 of the Florida Statutes. After the payment of costs of sale, attorneys' fees, and costs in connection with the sale, miscellaneous expenses of sale, payment of any outstanding debts or encumbrances related to the property, and relevant taxes, the proceeds should be apportioned between the parties in accordance with their respective interests. The parties should be permitted to bid at any sale or make appropriate offers to purchase the property.

121. **Credits and Setoff.** Plaintiff requests all credits and setoffs for expenses that she has paid for the maintenance and upkeep of the Manatee Home from the date she came to exclusively reside there through the pendency of this action.

122. Plaintiff is entitled to partition and sale of the Manatee Property with distribution of proceeds according to the parties' respective interests.

123. **Attorney's Fees and Costs.** Plaintiff has employed the law firm of Brava Law PLLC to represent her in this partition action and has agreed to pay reasonable attorney's fees, costs, and suit money for this representation. She requests an award of attorney's fees for this partition action pursuant to Florida law.

**WHEREFORE**, Plaintiff requests this Court order partition and sale of the Manatee Home, appointment of a special master if necessary, and equitable distribution of proceeds based on each party's contributions and interests.

## COUNT XX
## PARTITION OF LARIMER COUNTY REAL PROPERTY
## (CO. REV. STAT. § 38-28-101)
## (SUPPLEMENTAL COLORADO STATE LAW CLAIM)

124.    Plaintiff re-alleges paragraphs 1-123.

125.    **Action for Partition.** This is an action for partition of real property located in Larimer County, Colorado with an estimated value of $550,000.00, brought pursuant to Colorado Rev. Stat. § 38-28-101 (2024).

126.    The Defendant purchased real property located at 657 1st Street, Loveland, Larimer County, Colorado 80537, as a sole owner ("Colorado Home"). The Colorado Home could be best described as a single-family home on a platted plot.

127.    **Fraudulent Conveyance.** As set forth in Counts I through XVII above, Defendant deceived Plaintiff into providing Defendant access to her financial accounts, credit, and fraudulently appointed herself as Defendant's durable power of attorney, then fraudulently used Plaintiff's funds and credit to purchase the Colorado Home in Defendant's sole name.

128.    **Equitable Ownership.** Plaintiff has acquired an equitable ownership interest in the Colorado Property through her financial contributions and Defendant's use of her funds and credit to purchase the property.

129.    **Lienholder on Colorado Home.** It is believed there is an unpaid balance on a first mortgage owing to a lienholder in an unknown amount as of the date of this request for partition. Therefore, the holder of said lien is a party to this proceeding. Upon information and belief, there are no other persons who are lienholders or who otherwise own an interest in the Colorado Home.

130. **Not Divisible.** The Colorado Home is not divisible and not subject to partition in kind without prejudice to the parties. The Colorado Home is not susceptible to physical division, and it is in the best interests of the parties that the property be sold at a private or public sale as provided in Colorado Rev. Stat. § 38-28-110. After the payment of costs of sale, attorneys' fees, and costs in connection with the sale, miscellaneous expenses of sale, payment of any outstanding debts or encumbrances related to the property, and relevant taxes, the proceeds should be apportioned between the parties in accordance with their respective interests. The parties should be permitted to bid at any sale or make appropriate offers to purchase the property.

131. **Credits and Setoff.** Plaintiff requests all credits and setoffs for expenses paid for the maintenance and upkeep of the Colorado Home by Defendant using Plaintiffs' funds or credit, if any, from the date it was purchased through the pendency of this action.

132. Plaintiff is entitled to partition and sale of the Colorado Home with distribution of proceeds according to the parties' respective interests.

133. **Attorney's Fees and Costs.** Plaintiff has employed the law firm of Brava Law PLLC to represent her in this partition action and has agreed to pay reasonable attorney's fees, costs, and suit money for this representation. She requests an award of attorney's fees for this partition action pursuant to applicable law.

**WHEREFORE**, Plaintiff requests this Court order partition and sale of the Colorado Home, appointment of a special master if necessary, and equitable distribution of proceeds based on each party's contributions and interests.

## V.    DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Robin Owens, by and through the undersigned counsel, respectfully requests that this Honorable Court enter a final order of judgment against Defendant, Angela Waldon, awarding Plaintiff the following relief:

A.    **Compensatory damages** in an amount to be proven at trial, which is estimated to be more than $1 Million Dollars ($1,000,000.00), including but not limited to: (1) All mortgage overpayments and diverted funds; (2) Lost rental income from the Bradenton property; (3) Credit damage and financial harm; (4) Lost investment opportunities and interest; (5) Property appreciation wrongfully obtained by Defendant as to the Pinellas Home, Manatee Home, or Colorado Home.

B.    **Treble damages** pursuant to Florida Statute § 772.11 for civil theft:

C.    **Punitive damages** in an amount to be determined by the Court and jury;

D.    **Restitution and disgorgement** of all funds and property wrongfully obtained;

E.    **Imposition of constructive trusts** on the Colorado Property, Pinellas Property, and Manatee Property, and on all rental income, property appreciation, and proceeds derived therefrom;

F.    **Injunctive relief** including: (1) Permanent injunction against further exploitation; (2) Immediate identification and freezing of disputed assets; (3) Restoration of Plaintiff's access to account information; (4) Cessation of unauthorized credit account usage; (5) Prohibition on transfer or encumbrance of disputed properties;

G.    **Equitable accounting** of all financial transactions, property records, and related documents;

H.    **Partition and sale** of Pinellas Home, Manatee Home, and Colorado Home with equitable distribution of proceeds;

I.    **Attorney's fees and costs** as provided by federal and state law, including Florida Statute § 772.11 and Florida partition statutes;

J.    **Pre- and post-judgment interest** as allowed by law;

K.    **Such other and further relief** as this Court deems just and proper.

## <u>VERIFICATION</u>

I understand that I am swearing or affirming under oath the truthfulness of the statements and claims set forth in this document. I understand that the punishment for knowingly making a false statement includes fines and/or imprisonment.

**UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF.**

**Date:** 11/04/2025 _____                    *Robin Owens*
                                 _____

                                        **Robin Owens, Plaintiff**

Dated: November 6, 2025                Respectfully submitted:

                                       */s/ Jamie Marcario_*
                                       Jamie Marcario, Esq.
                                       Florida Bar No.: 0089366
                                       Brava Law
                                       136 4th Street North, Suite 201
                                       St. Petersburg, FL 33701
                                       Phone: 727-868-6195
                                       jamie@bravalaw.com
                                       eservice@bravalaw.com
                                       rose@bravalaw.com
                                       *Counsel for Plaintiff, Robin Owens*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing will be served upon the Defendant, Angela Waldon, at her last known address, which 657 1st Street, Loveland, Colorado 8053, via process server. I further certify that no other party requires service by other means.

                                       **/s/ Jamie Marcario,** Esq.
                                       Jamie Marcario
                                       Fla. Bar No. 0089366